960 F.2d 145
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Craig ELAM, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-1080.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 31, 1992
Decided: April 23, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge. (CA-91-946-1)
 Craig Elam, appellant pro se.
 Richard Parker, Office of the United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before NIEMEYER, LUTTIG and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Craig Elam appeals from the district court's order granting Defendant's Motion to Dismiss Elam's Federal Tort Claims Act claims for failure to exhaust administrative remedies and granting summary judgment in Defendant's favor on Elam's remaining claim. Elam seeks expedited consideration of his appeal.
 
 
 2
 On November 8, 1991, Elam lost an employment discrimination action. He admits to becoming highly agitated and to addressing opposing counsel in a loud and hostile manner. A deputy United States Marshal instructed Elam to leave the courthouse. Elam complied, but remained nearby. While the attorneys were being escorted to their cars, the marshal noticed that Elam, who remained hostile, was carrying a bag which he had not had inside the courthouse and which had not been searched for weapons. When Elam began to reach into his bag, the marshal grabbed Elam's arm, pushed him against a building, frisked him, and searched his bag, which contained a camera. Elam was released immediately, and he departed.
 
 
 3
 Elam filed the instant lawsuit, alleging invasion of privacy, assault, and an unreasonable search. Because Elam did not demonstrate administrative exhaustion of the privacy and assault claims, as required by 28 U.S.C. § 2675 (1988), the district court's dismissal of the claims was proper. Further, because a reasonable officer in these circumstances could have believed the search lawful, the marshal was entitled to qualified immunity on the Fourth Amendment claim. See Harlow v. Fitzgerald, 457 U.S. 800 (1982); Gooden v. Chaney, 954 F.2d 960 (4th Cir. 1992) (en banc).
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.